

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed March 18, 2011**

___

BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
15000 SURVEYOR BLVD. SUITE 100
ADDISON, TX 75001
(972) 341-5322

Attorney for WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-70557-HDH-13 |
| | § | |
| SHEA DONOVAN CASSADAY and | § | |
| SARA ELLEN CASSADAY, | § | |
|    Debtor | § | CHAPTER 13 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| SUCCESSOR BY MERGER TO WELLS | § | |
| FARGO HOME MORTGAGE, INC. | § | |
| ITS ASSIGNS AND/OR | § | |
| SUCCESSORS IN INTEREST, | § | |
|    Movant | § | HEARING DATE:  03/16/2011 |
| | § | |
| v. | § | TIME:  10:00 AM |
| | § | |
| SHEA DONOVAN CASSADAY and | § | |
| SARA ELLEN CASSADAY; | § | |
| WALTER O'CHESKEY, Trustee | § | |

Respondents　　　　　　　　　　　　§　JUDGE HARLIN D. HALE

**AGREED ORDER CONDITIONING AUTOMATIC STAY AS TO DEBTOR**

Came on for consideration the Motion for Relief from Stay, filed by WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, (hereinafter "MOVANT"), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion and the agreement of Counsel, is of the opinion that the following Agreed Order should be entered. It is therefore, **ORDERED, ADJUDGED, AND DECREED** that:

1.　**Automatic Stay:** The Automatic Stay provided by 11 U.S.C. § 362 shall remain in effect, except as provided below.

2.　**Current Monthly Payments:** Debtor shall continue to remit to the Movant the regular post-petition monthly payments beginning April 1, 2011, and continue said payments thereafter pursuant to that certain Note and Deed of Trust dated August 22, 2007. Said payments shall be paid to Movant at:

> WELLS FARGO HOME MORTGAGE
> 1 HOME CAMPUS
> BKY PMT PROCESS MAC#X2302-04C
> DES MOINES, IA  50328

3.　**Modify Plan:** Debtor shall have 30 days from the date of the hearing or before April 15, 2011 to modify Debtor's Chapter 13 Plan to include all post-petition arrearages and attorney's fees and costs in the total amount of $2,198.84 to be paid by the Chapter 13 Trustee through the Debtor's Chapter 13 Plan. Said total amount consists of post-petition payments for the months of December 1, 2010 through March 1, 2011 and additional fees and costs detailed as follows:

| | | |
|---|---|---|
| Monthly Payment Amount | $549.71 X 4 | $2,198.84 |
| Attorney's Fees & Costs | | $0.00 |

| | |
|---|---:|
| Other Fees & Costs | $0.00 |
| Amount Due | $2,198.84 |
|     Payment Received | $0.00 |
|     Payment to be Received | $0.00 |
|     Debtor Suspense | $0.00 |
| Total Balance Due Less Payment Received | $2,198.84 |

The "Post-Petition Arrearage" specified herein shall constitute an additional arrearage claim filed by Movant ("Additional Claim") in the bankruptcy proceeding and is hereby allowed by the Court. If the Chapter 13 plan has been previously confirmed by the Court under 11 U.S.C. Section 1325 ("Confirmed Plan"), Debtor shall promptly modify the Plan, and the Chapter 13 Trustee shall make no distributions to Movant on the Additional Claim until Debtor has filed a modification of the Confirmed Plan pursuant to 11 U.S.C. Section 1329 ("Post-Confirmation Modification"), served the Post-Confirmation Modification on all parties in interest entitled to notice, and obtained an Order from the Court approving the Post-Confirmation Modification. If the Plan has not been previously confirmed by the Court, the Debtor shall promptly modify the Plan prior to confirmation pursuant to 11 U.S.C. Section 1323 to provide for the Additional Claim

4.     **Payments to Trustee**:  Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date the Order is signed by the Bankruptcy Judge.

5.     **Proof of Payments**: Debtor shall have 30 days from March 16, 2011 or until April 15, 2011 to provide proof of disputed payments. Proof shall consist of a copy of the front and back of a negotiable instrument that has been paid to Movant by the institution on which it has been drawn and has not been credited by Movant to Debtor's account. If said proof is provided by

April 15, 2011, then WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST shall credit Debtor account with said payments. If said proof is not provided to Movant the Debtor must tender to Movant the amount of $2,198.84 as stated above net of payments received and said net amount becomes due and owing under the terms stated in the Modify Plan Paragraph.

6. **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

7. **Conversion to Chapter 7**: The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post petition delinquent payments, fees, and charges due under the Note and Deed of Trust shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

8. **Effect of Non-sufficient Funds**: Tendering of a check to Movant by Debtor which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn or due to any other reason shall not constitute a payment as required by the terms of this order and is an event of default.

9. **Default**: In the event Movant does not receive any payments by the dates set forth in the Current Monthly Payments Paragraph or if the Debtor fails to timely modify the Chapter 13 Plan as set forth in the Modify Plan Paragraph or Debtor does not remit the payment set forth in the Payments to Trustee Paragraph above, or in the event Debtor converts to Chapter 7 as set forth in

the Conversion to Chapter 7 Paragraph, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtor, Counsel for Debtor, and allow Debtor a 10-day period from the date of such written notice to cure such delinquent payments. Cure payments must be made by certified funds only and Movant may charge Debtor $50 for any notice given pursuant to this Order. In the event Debtor fails to cure such delinquent payments within such 10-day period or in the event Debtor becomes delinquent after **two (**2**) notices of default**, the Automatic Stay of 11 U.S.C. §362 shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described as follows:

> FIELD NOTES OF 1.0 ACRE OF LAND OUT OF BLOCK 15, BYERS BROTHERS SUBDIVISION, CLAY COUNTY, TEXAS, DESCRIBED BY METES AND BOUNDS AS FOLLOWS:
>
> BEGINNING AT A SPIKE SET FOR THE WEST CORNER OF A 1.0 ACRE TRACT CONVEYED FROM DURAL LUNDY AND WIFE VELMA, TO CHRIS AND MARCHETTA MATTHEWS BY DEED RECORDED AT VOLUME 462, PAGE 1, OFFICIAL PUBLIC RECORDS OF CLAY COUNTY, TEXAS, SAID IRON ROD BEING IN THE NORTHEAST RIGHT-OF-WAY OF STATE HIGHWAY NO.148, AND BEARS N 42 45' E 10.0 FEET AND S 47 DEG 15' E 78.6 FEET FROM THE SOUTH CORNER OF BLOCK 53, ORIGINAL TOWNSITE OF PETROLIA, TEXAS;
>
> THENCE WITH THE WEST LINE OF SAID 1.0 ACRE, N 45 DEG 52' E, AT 150.6 FEET PASS A 2' PIPE AND CONTINUING IN ALL A DISTANCE OF 270.6 FEET TO A 4' PIPE FENCE CORNER AT THE NORTH CORNER OF SAID 1.0 ACRE;
>
> THENCE WITH FENCE, S 49 DEG 17' E A DISTANCE OF 161.6 FEET TO A 4' PIPE FENCE CORNER AT THE EAST CORNER OF SAID 1.0 ACRE;
>
> THENCE WITH FENCE, S 46 DEG 30' W, AT 276.0 FEET PASS A 4' FENCE CORNER AND CONTINUING IN ALL A DISTANCE 277.4 FEET TO AN IRON ROD SET IN THE NORTHEAST BOUNDARY OF STATE HIGHWAY NO.148;
>
> THENCE WITH SAID RIGHT-OF-WAY LINE AND WITH A CURVE TO THE LEFT HAVING A RADIUS OF 3869.72 FEET FOR AN ARC DISTANCE OF

      79.61 FEET TO AN IRON ROD SET AT THE END OF CURVE (CHORD BEARING OF THIS SEGMENT IS N 47 DEG 15' W 78.47 FEET);

      THENCE N 47 DEG 15' W A DISTANCE OF 78.47 FEET TO THE PLACE OF BEGINNING AND CONTAINING 1.0 ACRE OF LAND.

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

### END OF ORDER ###

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

BY: /s/ JEFF FLEMING

| | |
|---|---|
| JEFF FLEMING | MONTE J WHITE |
| TX NO. 24034442 | 1106 BROOK AVENUE |
| 15000 SURVEYOR BLVD. SUITE 100 | WICHITA FALLS, TX 76301 |
| ADDISON, TX 75001 | |
| Telephone: (972) 341-5322 | ATTORNEY FOR DEBTORS |
| Facsimile: (972) 661-7725 | |
| E-mail: NDECF@BDFGROUP.COM | |
| ATTORNEY FOR MOVANT | |

WALTER O'CHESKEY, TRUSTEE

       79.61 FEET TO AN IRON ROD SET AT THE END OF CURVE (CHORD BEARING OF THIS SEGMENT IS N 47 DEG 15' W 78.47 FEET);

       THENCE N 47 DEG 15' W A DISTANCE OF 78.47 FEET TO THE PLACE OF BEGINNING AND CONTAINING 1.0 ACRE OF LAND.

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

                        ### END OF ORDER ###

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

BY: /s/ JEFF FLEMING

| JEFF FLEMING | MONTE J WHITE |
|---|---|
| TX NO. 24034442 | 1106 BROOK AVENUE |
| 15000 SURVEYOR BLVD. SUITE 100 | WICHITA FALLS, TX 76301 |
| ADDISON, TX 75001 | |
| Telephone: (972) 341-5322 | ATTORNEY FOR DEBTORS |
| Facsimile: (972) 661-7725 | |
| E-mail: NDECF@BDFGROUP.COM | |
| ATTORNEY FOR MOVANT | |

/s/ Marc McBeath
WALTER O'CHESKEY, TRUSTEE

79.61 FEET TO AN IRON ROD SET AT THE END OF CURVE (CHORD BEARING OF THIS SEGMENT IS N 47 DEG 15' W 78.47 FEET);

THENCE N 47 DEG 15' W A DISTANCE OF 78.47 FEET TO THE PLACE OF BEGINNING AND CONTAINING 1.0 ACRE OF LAND.

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

### END OF ORDER ###

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

BY: /s/ JEFF FLEMING

JEFF FLEMING
TX NO. 24034442
15000 SURVEYOR BLVD. SUITE 100
ADDISON, TX 75001
Telephone: (972) 341-5322
Facsimile: (972) 661-7725
E-mail: NDECF@BDFGROUP.COM
ATTORNEY FOR MOVANT

MONTE J WHITE
1106 BROOK AVENUE
WICHITA FALLS, TX 76301

ATTORNEY FOR DEBTORS

WALTER O'CHESKEY, TRUSTEE

X _____